No. 88-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

E. J. NIEMEN and L. E. NIEMEN,

Plaintiffs and Respondents,

-vs-

LOY B. HOWELL, as Personal Representative
of the Estate of Thomas H. Howell, Deceased,

Defendant and Appellant.

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Judith Basin,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kenneth R. Olson; Baiz & Olson, Great Falls, Montana

For Respondent:

Joseph Mudd; Jardine, Stephenson, Blewett & Weaver,
Great Falls, Montana

Submitted on Briefs:  Sept. 23, 1988

Decided:  November 3, 1988

Filed:

FILED
'88 NOV 3 AM 11 28
CLERK
MONTANA SUPREME COURT

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal comes from findings of fact, conclusions of law and order of the District Court of the Tenth Judicial District, Judith Basin County, Montana. After a bench trial, the District Court held certain payments made to the deceased by the respondents, evidenced by promissory notes and checks, were loans, not gifts, and were payable from the estate. We affirm.

Appellant Loy B. Howell is the personal representative of the estate of her late husband, Thomas H. Howell (Tom). The respondents, L.E. Niemen and E.J. Niemen, are the mother and the stepfather of Tom Howell. After Tom's death in 1985, the Niemens filed creditor claims against the estate. When these claims were neither approved nor denied, the Niemens each filed separate lawsuits seeking repayment of alleged loans made to Tom Howell.

The first suit, filed my Mrs. Niemen, sought payment on two promissory notes which were transferred to her by Mr. Niemen. These notes were in the amounts of $25,000 (dated October 7, 1976) and $37,000 (dated May 12, 1977). The second suit, filed by Mr. Niemen, sought judgment for payments to Tom as represented by two checks drawn on the joint account of the Niemens, made payable to and endorsed by Tom, and upon each of which was written the memo "on account." The checks were in the amounts of $22,000 (dated January 7, 1982) and $100,000 (dated July 23, 1984). The cases were consolidated for trial and were heard by the District Court without a jury.

The appellant claims these payments were not loans, but were very generous gifts to Tom to enable him to purchase and maintain the ranch which belonged to his mother's family. In support of this theory, appellant maintains the Niemens were

typically very generous, and that no repayment was ever made to the Niemens nor was any ever requested. Additionally, appellant presented testimony from N.H. Browning, Jr., President of the Belt Valley Bank. Browning stated none of Tom Howell's financial statements filed with the bank listed these debts, and further, it was his impression the $100,000 payment was a gift. Mr. Browning had written in Tom Howell's loan file that the $100,000 payment was a gift from Mr. Niemen. However, Browning stated this was only his impression which he gathered from those present in the bank when Mr. Niemen drafted the check. The District Court heard this testimony but excluded the bank file memo as hearsay.

The District Court concluded that the one claiming a gift had the burden to establish such was the case by clear, convincing, strong and satisfactory evidence. It further held appellant had not satisfied that burden and found for the respondents.

The following issues are raised for review:

1. Did the District Court err in finding no presumption of gift, thereby placing the burden of proof on appellant rather than respondents?

2. Was it error for the District Court to refuse to admit into evidence the bank's loan file?

The appellant bases her argument on the numerous and substantial gifts which she and Tom received from the Niemens over the past several years. She states it was her impression the payments in dispute here were simply additional acts of generosity which allowed Tom to preserve the family farm. She points to the following list of gifts from the Niemens:

1. November 18, 1971 - check to Tom in the amount of $8,890.
2. December 28, 1974 - check to Tom in the amount of $1,635.75.

3. January 22, 1975 - check to Tom in the amount of $5,000.
4. Christmas present of 100 shares AT&T stock - allegedly worth several thousand dollars.
5. Trip to Finland after the Howells' marriage - allegedly worth several thousand dollars.
6. April 1, 1985 - check to Tom in the amount of $4,000.

The primary issue raised by appellant is whether the District Court should have presumed the payments to be gifts, thereby shifting the burden of proof to the appellant to show by evidence which is "clear, convincing and practically free from doubt" that these payments were loans, not gifts. Appellant stresses these payments were made from the joint account of Tom's mother and stepfather and the promissory notes were made payable to both Mr. and Mrs. Niemen. The legal result, she argues, is the presumption that all of these payments were gifts because they came from a close relative. We disagree.

On appeal, the standard of review requires us to affirm the judgment of the District Court in a civil action tried without a jury, unless the findings of fact are clearly erroneous. Rule 52(a), M.R.Civ.P. Bollinger v. Hollingsworth (Mont. 1987), 739 P.2d 962, 963, 44 St.Rep. 1228, 1230. The record before us reveals the testimony of E.J. Niemen, L.E. Niemen, N.H. Browning and Loy Howell as it was heard by the District Judge. Additionally, the lower court viewed and considered the exhibits presented by the parties, ten in number, which included the checks and promissory notes which formed the basis of this action. Also included were those checks given as gifts, and the Howells' financial statements which were prepared for the Belt Valley Bank. We hold the judgment of the District Court was not clearly erroneous.

4

It is the general rule in Montana that the person claiming the fact of a gift has the burden of proving it, and a gift will not be presumed unless the parties stand in close relation to one another. This exception is limited to relations such as parent and child, or husband and wife. We have refused to extend the presumption to more distant relationships. Peterson v. Kabrich (Mont. 1984), 691 P.2d 1360, 1364, 41 St.Rep. 2196, 2200; and Detra v. Bartoletti (1967), 150 Mont. 210, 217, 433 P.2d 485, 488.

In regard to the promissory notes sought to be enforced by the decedent's mother, we find appellant's argument specious. Under Montana's UCC statutes, when signatures to an instrument are admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense. Section 30-3-307(2), MCA. Appellant has not raised any real or personal defenses to the promissory notes, but only claims the true understanding and intent was that the payments were gifts. However, parol evidence will not be allowed to contradict, alter or vary a contract which has been reduced to a writing. Section 28-2-905, MCA. See, Perez-Lizano v. Ayers (Mont. 1985), 695 P.2d 467, 470, 42 St.Rep. 208, 213; and West River Equipment Co. v. Holzworth Const. Co. (1959), 134 Mont. 582, 588, 335 P.2d 298, 302. Respondent L.E. Niemen is entitled to recover on the notes.

The other instruments at issue are two personal bank checks drafted by Tom's stepfather, E.J. Niemen, and made payable to Tom. On the face of each check is written "on account." Appellant does not claim Mr. Niemen owed money to Tom, as this language might ordinarily suggest. Nor does appellant claim this memo was added later. These checks were written nearly two and one-half years apart. Each memo was

5

evidently written by the same hand and with the same pen as its respective check.

While these checks do not themselves conclusively establish the debt, they are supportive evidence that these payments were not intended to be gifts. Additional evidence included testimony from both Mr. and Mrs. Niemen. They stated these payments were loans, that Mr. Niemen had to borrow the $100,000 from another source, and that he consulted an attorney regarding the minimum amount of interest to attach to each loan. We find there is substantial evidence to support the lower court's finding that these payments were loans.

Appellant next argues Mr. Niemen stood *in loco parentis* to Tom because he "accepted responsibilities and obligations incident to the parental relationship." However, there is no evidence in the record which establishes this fact. It may be true Mr. Niemen had a "close and loving" relationship with Tom, which in turn led him to advance the payments, both gifts and loans. However, this does not establish that Mr. Neimen assumed the role of Tom's father. The District Court properly rejected this argument.

Finally, appellant claims it was error for the District Court to refuse to admit into evidence the bank's loan file. During the trial, Mr. Browning testified it was his impression the $100,000 check was a gift. Appellant offered as further evidence a portion of the bank loan file in which Mr. Browning had written "July 23rd, received gift of $100,000 from father-in-law [sic], E.J. Niemen, and all applied to notes." Upon voir dire, Mr. Browning testified nothing was said either to him directly or in his presence which indicated whether this was a loan or a gift. It was merely his impression that Tom thought the payment was a gift. Respondents' attorney objected to the introduction of

6

the memorandum on the basis it was hearsay and the District Judge sustained the objection.

Appellant claims it was error to exclude this evidence and as a result "her case was diminished." Respondents argue the memorandum was properly excluded because it was not Mr. Browning's impression, but was a reflection of statements made by Tom to Mr. Browning. Respondents further argue that even if the memorandum was improperly excluded, it would have added nothing to the evidence because Mr. Browning testified, apart from the memorandum, that it was his impression the money was given as a gift.

We find no prejudice from the exclusion was shown. The evidence which appellant sought to present was admitted through the testimony of Mr. Browning and therefore the substantial rights of the appellant were not adversely affected. State v. Daniels (1984), 210 Mont. 1, 18, 682 P.2d 173, 182; and State v. Romero (1973), 161 Mont. 333, 341-342, 505 P.2d 1207, 1211-1212.

The judgment of the District Court is affirmed.

<span style="margin-left:50%;">John Conway Harrison</span>
<span style="margin-left:50%;">Justice</span>

We concur:

_J. A. Turnage_
Chief Justice

_Fred J. Weber_

_R. C. McDonough_

_John C. Sheehy_
Justices